IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LONDER B. DAVIS, § | |
| Plaintiff, § | |
| § | Civil Action No. 3:17-CV-1002-M-BH |
| v. § | |
| § | |
| MEGAN J. BRENNAN, Postmaster § | |
| General, § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** under 28 U.S.C. § 1915(e)(2) as time-barred.

### I. BACKGROUND

Londer B. Davis (Plaintiff) sues his previous employer, the United States Postal Service (USPS), for employment discrimination. (doc. 3 at 1.)[2] Plaintiff contends that USPS suspended him and ultimately removed him from his position due to his race, age, mental disability, and prior protected activity. (docs. 3 at 1; 8 at 2.)

Plaintiff began working as a carrier technician for USPS in March 1995. (doc. 8 at 3.) On September 26, 2009, he was ordered "off the clock" and subsequently issued a "Notice of Proposed Removal" on November 1, 2009. (doc. 3 at 3.) He alleges that he and USPS signed a settlement agreement[3] on December 21, 2009, but when he returned to work on January 2, 2010, he was removed from the premises by Postal Police. (*Id.* at 1.) On May 24, 2010, USPS issued a Decision

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Plaintiff does not describe this settlement agreement or its terms.

Letter upholding his proposed removal; it was effective June 12, 2012. (*Id.* at 3.)

On November 9, 2015, Plaintiff contacted an Equal Employment Opportunity (EEO) counselor, claiming his "off the clock" suspension and subsequent removal by USPS was based on discrimination and retaliation. (doc. 8 at 69-70.) On December 14, 2015, the EEO counselor issued a "Notice of Right to File" notifying him that he had fifteen days to file a formal complaint. (*Id.* at 70.) The following day, Plaintiff filed a complaint with USPS's EEO office, alleging discrimination based on race, age, mental disability, and retaliation. (*Id.* at 72.) On November 30, 2016, the complaint was dismissed on procedural grounds because Plaintiff had not timely contacted an EEO counselor. (doc. 3 at 3.) The decision was affirmed on appeal by the Equal Employment Opportunity Commission (EEOC) on April 4 2017.[4] (*Id.* at 2-5.)

On April 11, 2017, Plaintiff filed this *pro se* suit alleging employment discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), disability in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), and age in violation of the Age Discrimination in Employment Act of 1967 (ADEA). (docs. 3 at 1; 8 at 2.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when

---

[4]The EEOC's decision noted that USPS contended that Plaintiff filed his formal complaint on November 7, 2016 (doc. 3 at 3), but he attaches a copy of a complaint dated December 15, 2015 (doc. 8 at 72).

it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ADMINISTRATIVE EXHAUSTION

Plaintiff asserts that the USPS fired him from his job and retaliated against him in violation of Title VII, the Rehabilitation Act, and the ADEA. (docs. 3 at 1; 8 at 2.[5])

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It also makes it unlawful for employers to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* § 2000e-3(a). The ADEA likewise makes it unlawful for an employer to discriminate against an individual based on age, or "because such individual . . . has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(a)(1), (d). The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (citing 29 U.S.C. § 701 *et seq.*).

---

[5]Plaintiff's answers to the Magistrate Judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Before a federal employee can file suit in federal court for discrimination under Title VII and the Rehabilitation Act,[6] he must exhaust his administrative remedies. *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) (citing 42 U.S.C. § 2000e–16(c)); *see also Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). A federal employee pursuing an ADEA claim through the EEOC administrative process must also exhaust his administrative remedies before filing an action in federal court.[7] *White v. Frank*, 895 F.2d 243 (5th Cir. 1990). To properly exhaust administrative remedies, a claimant must initiate contact and request informal counseling from an agency EEO counselor within 45 days of the date of the matter alleged to be discriminatory. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); 29 C.F.R. § 1614.105(a)(1). The failure to notify the EEO counselor in a timely fashion "constitutes a failure to exhaust administrative remedies and acts as a bar to judicial pursuit of those claims," absent waiver, estoppel, or equitable tolling. *Pacheco v. Rice*, 966 F.2d 904, 905 n.11 (5th Cir. 1992); *see Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006) ("Generally, discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action (contacting an EEO counselor) are time barred in a subsequent action in federal court.") (citing 42 U.S.C. § 2000e–16; 29 C.F.R. § 1614.105). "Although a district court may evaluate whether it is proper to apply the doctrines of waiver, estoppel or equitable tolling, these doctrines are to be applied sparingly." *Howery v. Chertoff*, No. CIV.A. H-08-196, 2009 WL 890400, at *5 (S.D. Tex. Mar. 27, 2009) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S.

---

[6]"A Rehabilitation Act claimant must satisfy the procedural requirements set forth in Title VII of the Civil Rights Act of 1964." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citing 29 U.S.C. § 794a(a)(1).

[7]While exhaustion of administrative remedies is mandatory for all Title VII and Rehabilitation Act claims, federal employees asserting claims under the ADEA may either "invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies," or he may "present the merits of his claim to a federal court in the first instance." *Stevens v. Dep't of the Treasury*, 500 U.S. 1, 5-6 (1991) (citing 29 U.S.C. §§ 633a(b)-(d)). Because Plaintiff sought EEO counseling and pursued his ADEA claim administratively, he is required to exhaust his administrative remedies before filing suit in federal court.

101, 114-15 (2002)).

Here, Plaintiff alleges he was placed "off the clock" on September 26, 2009, and ultimately terminated effective June 12, 2012, but he did not contact an EEO counselor until November 9, 2015–over six years after he was suspended and three years after his termination. (docs. 3 at 6; 8 at 70.) Plaintiff therefore failed to timely contact an EEO counselor within 45 days of the last act of discrimination about which he complains. *See Ramsey*, 286 F.3d at 269. Absent a defense of waiver, estoppel, or equitable tolling, his claims are judicially barred. *See Pacheco*, 966 F.2d at 905.

Plaintiff contends that when he met with the EEO counselor on December 15, 2015, he was provided with the forms to file an EEO complaint, and was told his filing would be "timely." (doc. 8 at 8.) "In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992); *see also Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. Unit A Apr. 1981) ("[W]e reject Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays."). USPS expressly found that Plaintiff's complaint was untimely. (*See* doc. 3 at 4.) It therefore did not waive the timeliness issue. *See Reveles v. Napolitano*, 595 F. App'x 321, 325-26 (5th Cir. 2014) ("Because the EEOC did not make a specific finding that Reveles's contact with an EEO counselor was timely, the argument on timeliness was not waived.").

Plaintiff's allegations also do not support excusing his untimeliness on the basis of equitable estoppel. Equitable estoppel generally applies when the defendant's misconduct prevents the plaintiff from asserting his rights within the limitations period. *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir. 1986). Plaintiff does not allege that USPS obstructed him from timely

5

contacting the EEO counselor.

Finally, Plaintiff has not stated any facts to support a plausible claim that he is entitled to equitable tolling. The Fifth Circuit has recognized three possible bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (citation omitted). Plaintiff has not identified any suit between the same parties that was pending in the wrong forum,[8] nor alleged that he had been misled about his rights by the EEOC. He was aware of the facts supporting his claim of discrimination as of his suspension on September 26, 2009, and his removal on June 12, 2012, but he admittedly did not initiate contact with the EEO counselor until November of 2015.

Because Plaintiff failed to contact an EEO counselor within 45 days of his termination, and his allegations do not support the defenses of waiver, estoppel, or equitable tolling, his Title VII, Rehabilitation Act, and ADEA claims are time-barred and should be dismissed. *See Reveles*, 595 F. App'x at 325 (finding plaintiff's discrimination claim time-barred because he did not contact an EEO counselor within 45 days of adverse employment action and there were no allegations supporting waiver, estoppel, or equitable tolling).

### IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2).

---

[8]Plaintiff references his prior appeals to the Merit System Protection Board (MSPB), where he challenged his removal by the USPS. (*See* doc. 8 at 39-40, 63-64, 66-67.) The MSPB is an administrative agency that has jurisdiction over specific "adverse employment actions" affecting federal employees, including terminations, demotions, and suspensions. *See* 5 U.S.C. § 7512. There are no allegations, however, that his appeals to the MSPB prevented him from timely contacting the EEO counselor or from pursuing his discrimination and retaliation claims.

**SO RECOMMENDED** on this 6th day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE